UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED DORTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVE TORTORICE, et al.,<br><br>　　　　　Defendants. | No. 1:25-cv-00975-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION IS NOT DUPLICATIVE OF CASE NUMBER 1:23-CV-01784-JLT-GSA (PC) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed August 6, 2025.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings several claims against several different Defendants relating to his removal from a First Camp program. Plaintiff alleges that his removal from the Fire Camp was in retaliation for filing reasonable accommodation requests under the Americans with Disabilities Act and other grievances and appeals, despite the fact that Plaintiff was medically cleared to return and participate in the Fire Camp.

## III.

## DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) requires courts to screen prisoner complaints and dismiss those that are frivolous or malicious, which encompasses duplicative cases where a complaint merely repeats pending or previously litigated claims. See 28 U.S.C. §

1   1915A; 28 U.S.C. § 1915(e)(2)(B)(i); <u>Cato v. United States</u>, 70 F.3d 1103, 1105 n.2 (9th Cir.

2   1995) (citing earlier version of § 1915(e)); see also <u>Denton v. Hernandez</u>, 504 U.S. 25, 30 (1992)

3   (recognizing Congress's concern regarding IFP litigants "filing frivolous, malicious, or repetitive

4   lawsuits") (emphasis added). "To determine whether a suit is duplicative, we borrow from the test

5   for claim preclusion." <u>Adams v. Cal. Dep't of Health Servs.</u>, 487 F.3d 684, 688 (9th Cir. 2007)

6   (quoting <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by

7   <u>Taylor v. Sturgell</u>, 553 U.S. 880, 904 (2008). " '[T]he true test of the sufficiency of a plea of

8   'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed

9   of, as 'the thing adjudged,' regarding the matters at issue in the second suit.' " <u>Id.</u> (second

10  alteration in original) (quoting <u>The Haytian Republic</u>, 154 U.S. 118, 124 (1894)).

11         "Thus, in assessing whether the second action is duplicative of the first, we examine

12  whether the causes of action and relief sought, as well as the parties ... to the action, are the

13  same." <u>Adams</u>, 487 F.3d at 689; see also <u>Serlin v. Arthur Anderson & Co.</u>, 3 F.3d 221, 223 (7th

14  Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly

15  differ between the two actions." (internal quotation marks omitted)). "After weighing the equities

16  of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action,

17  to stay that action pending resolution of the previously filed action, to enjoin the parties from

18  proceeding with it, or to consolidate both actions." <u>Adams</u>, 487 F.3d at 688.

19         Upon review of the allegations in the complaint, it appears that Plaintiff's claim are

20  duplicative of an earlier lawsuit filed on December 29, 2023, Dorton v. Tortorice, Case No. 1:23-

21  v-01784-JLT-GSA (PC). Accordingly, the Court will order Plaintiff to show cause why this case

22  should not be dismissed as duplicative. See <u>Headwaters Inc. v. U.S. Forest Serv.</u>, 399 F.3d 1047,

23  1055 (9th Cir. 2005) (noting that a court should give notice and an opportunity to respond before

24  dismissing a case on claim preclusion grounds).

25         In both cases Plaintiff alleges Plaintiff alleges that his removal from the Fire Camp was in

26  retaliation for filing reasonable accommodation requests under the Americans with Disabilities

27  Act and other grievances and appeals, despite the fact that Plaintiff was medically cleared to

28  return and participate in the Fire Camp. The Court notes that, not only does Plaintiff sue the same

Defendants, allege the same facts and complaints, and seek the same relief portions of his complaints contain verbatim allegations.[1]

### IV.
### CONCLUSION AND ORDER

Based on the foregoing, the Court finds that this case appears to be duplicative of Plaintiff's current pending case because the claims, parties, and requested relief do not significantly differ between the two actions.

Accordingly, it is it is HEREBY ORDERED that:

1. Plaintiff shall show cause why this action should not be dismissed as duplicative within **fourteen (14)** days of the date of service of this order;
2. Alternatively, Plaintiff is advised that he may file a notice stating that he wishes to voluntarily dismiss this case under Federal Rule of Civil Procedure 41(a)(1)(A)(i); and
3. Failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **August 11, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] In Case No. 1:23-cv-01784-JLT-GSA, Plaintiff filed a third amended complaint on March 11, 2025.  (ECF No. 36.)