1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    FRED DORTON,                              No.  1:25-cv-00975-SAB (PC)

12              Plaintiff,                       ORDER DIRECTING CLERK OF COURT TO
                                                RANDOMLY ASSIGN A DISTRICT JUDGE
13         v.                                   TO THIS ACTION

14    STEVE TORTORICE, et al.,                   FINDINGS AND RECOMMENDATION
                                                RECOMMENDING DISMISSAL OF ACTION
15              Defendants.                      AS DUPLICATIVE

16                                               (ECF No. 5)

17

18         Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

19         Plaintiff filed the instant action on August 6, 2025.  On August 12, 2025, the Court issued

20    an order to show cause why the action should not be dismissed as duplicative of <u>Dorton v.</u>

21    <u>Tortorice</u>, Case No. 1:23-v-01784-JLT-GSA (PC).  Plaintiff has failed to respond to the Court's

22    order and the time to do so has passed.  Accordingly, dismissal of the action is warranted.

23                                              **I.**

24                              **SCREENING REQUIREMENT**

25         The Court is required to screen complaints brought by prisoners seeking relief against a

26    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28

                                                 1

1   "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

2   "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

3   1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

4   　　　A complaint must contain "a short and plain statement of the claim showing that the

5   pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

6   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

8   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

9   that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

10   Williams, 297 F.3d 930, 934 (9th Cir. 2002).

11   　　　Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

12   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

13   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

14   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

15   that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

16   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

17   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

18   liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

19   at 969.

20   **II.**

21   **COMPLAINT ALLEGATIONS**

22   　　　Plaintiff brings several claims against several different Defendants relating to his removal

23   from a First Camp program.  Plaintiff alleges that his removal from the Fire Camp was in

24   retaliation for filing reasonable accommodation requests under the Americans with Disabilities

25   Act and other grievances and appeals, despite the fact that Plaintiff was medically cleared to

26   return and participate in the Fire Camp.

27   ///

28   ///

2

1

**III.**

2

**DISCUSSION**

3    The Prison Litigation Reform Act of 1995 (PLRA) requires courts to screen prisoner

4 complaints and dismiss those that are frivolous or malicious, which encompasses duplicative

5 cases where a complaint merely repeats pending or previously litigated claims. See 28 U.S.C. §

6 1915A; 28 U.S.C. § 1915(e)(2)(B)(i); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir.

7 1995) (citing earlier version of § 1915(e)); see also Denton v. Hernandez, 504 U.S. 25, 30 (1992)

8 (recognizing Congress's concern regarding IFP litigants "filing frivolous, malicious, or repetitive

9 lawsuits") (emphasis added). "To determine whether a suit is duplicative, we borrow from the test

10 for claim preclusion." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007)

11 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by

12 Taylor v. Sturgell, 553 U.S. 880, 904 (2008). " '[T]he true test of the sufficiency of a plea of

13 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed

14 of, as 'the thing adjudged,' regarding the matters at issue in the second suit.' " Id. (second

15 alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)).

16    "Thus, in assessing whether the second action is duplicative of the first, we examine

17 whether the causes of action and relief sought, as well as the parties ... to the action, are the

18 same." Adams, 487 F.3d at 689; see also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th

19 Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly

20 differ between the two actions." (internal quotation marks omitted)). "After weighing the equities

21 of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action,

22 to stay that action pending resolution of the previously filed action, to enjoin the parties from

23 proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688.

24    Upon review of the allegations in the complaint, Plaintiff's claims are duplicative of an

25 earlier lawsuit filed on December 29, 2023, Dorton v. Tortorice, Case No. 1:23-v-01784-JLT-

26 GSA (PC).  In both cases Plaintiff alleges Plaintiff alleges that his removal from the Fire Camp

27 was in retaliation for filing reasonable accommodation requests under the Americans with

28 Disabilities Act and other grievances and appeals, despite the fact that Plaintiff was medically

1    cleared to return and participate in the Fire Camp.  The Court notes that Plaintiff sues the same

2    Defendants, alleges the same facts and complaints, and seeks the same relief portions of his

3    complaints contain verbatim allegations.[1]  Accordingly, this action must be dismissed as

4    duplicative of Dorton v. Tortorice, Case No. 1:23-v-01784-JLT-GSA (PC).

5                                                        **IV.**

6                                        **ORDER AND RECOMMENDATION**

7         Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly

8    assign a District Judge to this action.

9         Further, it is HEREBY RECOMMENDED that the instant action be dismissed as

10   duplicative of Dorton v. Tortorice, Case No. 1:23-v-01784-JLT-GSA (PC).

11        This Findings and Recommendation will be submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

13   **days** after being served with this Findings and Recommendation, Plaintiff may file written

14   objections with the Court, limited to 15 pages in length, including exhibits.  The document should

15   be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is

16   advised that failure to file objections within the specified time may result in the waiver of rights

17   on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

18   Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

19

20   IT IS SO ORDERED.

21   Dated:    **September 5, 2025**                    _____
                                                          STANLEY A. BOONE
22                                                        United States Magistrate Judge

23

24

25

26

27

---

28   [1] In Case No. 1:23-cv-01784-JLT-GSA, Plaintiff filed a third amended complaint on March 11, 2025.  (ECF No. 36.)

                                                        4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28